UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONRAD O. MINTO, JR.,

        Plaintiff,

     -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.

**DECISION and ORDER**
**No. 6:15-cv-06698(MAT)**

_____

**INTRODUCTION**

Pro se plaintiff Conrad Minto, Jr. ("Plaintiff") brought this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for childhood Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

**PROCEDURAL STATUS**

On October 10, 2012, Plaintiff's mother protectively filed an application for SSI on Plaintiff's behalf, alleging that he was disabled due to a learning disability and a speech/language impairment. T.120, 124.[1] The application was denied initially on

---

[1] Numbers preceded by "T." refer to pages from the administrative transcript, submitted by Defendant electronically on CM/ECF.

March 7, 2013. T.46-55. A hearing was held before administrative law judge William Manico ("the ALJ") on June 10, 2014, at which Plaintiff's mother appeared pro se and testified. T.27-45. On July 21, 2014, the ALJ issued an unfavorable decision. T.11-24. That decision became the Commissioner's final decision on October 16, 2015, when the Appeals Council denied Plaintiff's request for review. T.1-3. Plaintiff then timely commenced this action.

The Commissioner has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has not cross-moved for judgment on the pleadings and has not responded to the Commissioner's motion. The Court adopts and incorporates by reference herein the undisputed and comprehensive factual recitation contained in the Commissioner's brief. The Court will discuss the record evidence in further detail as necessary to the resolution of the Commissioner's motion. For the reasons discussed below, the Commissioner's decision is affirmed.

**DISCUSSION**

**I. Eligibility for Childhood SSI**

For the purpose of evaluating eligibility for childhood SSI benefits, an individual under the age of 18 is considered disabled if he has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or

can be expected to last, for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations establish a sequential evaluation for determining whether a child claimant meets this definition of disabled, and requires the claimant to show (1) that he is not working; (2) that he has a severe impairment or combination of impairments; and (3) that his impairment or combination of impairments is of Listing-level severity—that is, the impairment(s) meets, medically equals, or functionally equals the severity of an impairment in the Listings. See 20 C.F.R. § 416.924. A child's functional limitations are evaluated in the context of six broad functional areas, called "domains of functioning." See 20 C.F.R. § 416.926a(b)(1). If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment or combination of impairments is functionally equivalent to a listed impairment. See 20 C.F.R. § 416.926a(d). A "marked" limitation means that a claimant's impairment "interferes seriously with [his] ability to independently initiate, sustain, or complete activities. [A claimant's] day-to-day functioning may be seriously limited when [his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit several activities. 'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme. . . .'" 20 C.F.R. § 416.926a.

**II.  The ALJ's Decision**

The ALJ found that Plaintiff's learning disorder was a severe impairment pursuant to 20 C.F.R. § 416.924(c). T.14. The ALJ next determined that Plaintiff's impairment did not meet or medically equal any of the impairments in the Listings. T.14-15. In particular, the ALJ found that Plaintiff had less than marked limitations in the domains of Acquiring and Using Information and Attending and Completing Tasks, and had no limitations in Interacting and Relating with Others; Moving About and Manipulating Objects; Caring for Oneself; and Health and Physical Well-being. T.18-23. Because the ALJ found that Plaintiff did not have an extreme limitation in any domain of functioning or a marked limitation in at least two domains of functioning, Plaintiff did not functionally equal an impairment in the Listings. T.15-23. Accordingly, the ALJ entered a finding of not disabled. T.24.

**III. Scope of Review of the Commissioner's Decision**

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, the district court is limited to determining whether the Commissioner's findings were supported by substantial record evidence and whether the Commissioner employed the proper legal standards. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record.

See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). Substantial evidence is more than a mere scintilla; "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

**IV. Whether the Commissioner's Decision is Legally Correct and Supported by Substantial Evidence**

In his Complaint, Plaintiff did not identify any legal errors in the Commissioner's decision. Plaintiff also did not file a motion for judgment on the pleadings or file papers in opposition to the Commissioner's motion. The Court has reviewed the Commissioner's decision and finds no clear error in the application of the relevant regulatory and legal standards. Accordingly, the Court proceeds to review the substantiality of the evidence supporting the Commissioner's decision.

**A. Substantial Evidence Supports Findings of Less than**

**Marked Limitations in Acquiring and Using Information and Attending and Completing Tasks; and No Limitations in Interacting and Relating with Others, Moving About and Manipulating Objects, and Health and Physical Well-Being**

The ALJ found that Plaintiff had less than marked limitations in the domains of Acquiring and Using Information and Attending and Completing Tasks. The domain of Acquiring and Using Information "consider[s] a child's ability to learn information and to think about and use the information." Social Security Ruling ("SSR") 09-3P, 2009 WL 396025, at *2 (S.S.A. Feb. 17, 2009); see also 20 C.F.R. § 416.926a(g). The domain of Attending and Completing Tasks considers, inter alia, "a child's ability to focus and maintain attention, and to begin, carry through, and finish activities or tasks" and "to initiate and maintain attention, including the child's alertness and ability to focus on an activity or task despite distractions. . . ."  SSR 09-4P, 2009 WL 396033, at *2 (S.S.A. Feb. 18, 2009).

The ALJ also found no limitations in the domains of Interacting and Relating with Others, Moving About and Manipulating Objects, Caring for Oneself, and Health and Physical Well-Being. T.18-23. For a claimant such as Plaintiff who is in adolescence (i.e., age 12 until the attainment of age 18), the domain of Interacting and Relating with Others looks at the child's ability to initiate and develop friendships with children who are his own age and to relate appropriately to other children and adults, both individually and in groups. The domain of Moving About and

Manipulating Objects looks at the child's gross and fine motor skills. The domain of Health and Physical Well-Being considers the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on the claimant's functioning that were not considered when assessing the other five domains.

Substantial evidence supports the ALJ's findings regarding these five domains, including the report of consultative psychologist Dr. Kavitha Finnity, who evaluated Plaintiff at the Commissioner's request on February 28, 2013. See T.217-20. Born in July of 1996, Plaintiff was sixteen years-old at the time of Dr. Finnity's examination. He was living with his mother and was in the ninth grade at the School of the Arts in the Rochester City School District. Plaintiff was in the special education program through which he received consultant teacher services for a learning disability. He also received speech therapy from kindergarten fourth grade.

As to his current functioning, Plaintiff reported that he lost his temper easily and could become aggressive, but he denied experiencing depression or anxiety. His mother, however, reported that she felt he did have depressed moods and some irritability. Plaintiff reported using marijuana, and said he had last used it about a month prior to Dr. Finnity's exam. Plaintiff stated that he was able to dress, bathe, and groom himself. He reported having a

good relationship with his peers and his family. For hobbies, he enjoyed listening to music and playing video games.

During the exam, Plaintiff was cooperative and related with Dr. Finnity in an age-appropriate manner. He was dressed appropriately and was well groomed. His gait, posture, and motor behavior were normal, and his eye contact was appropriate. When speaking, he was intelligible and fluent, and used age-appropriate expressive and receptive language. Plaintiff's thought processes were coherent and goal directed. Plaintiff was able to do counting and calculations but had difficulty with serial 3s. Dr. Finnity concluded that Plaintiff's ability to pay attention and his concentration skills were mildly impaired. Plaintiff was able to recall 3 out of 3 objects immediately; 1 out of 3 objects after five minutes; and 5 digits forward and no digits backwards. Based on this testing, Dr. Finnity concluded that Plaintiff's recent and remote memory skills were mildly impaired. While Dr. Finnity opined that his general fund of information was appropriate to age, she estimated his cognitive functioning to be below average. Plaintiff's insight was fair, and his judgment was fair.

Dr. Finnity's diagnoses were learning disorder, not otherwise specified ("NOS"), with a rule out diagnosis of adjustment disorder, with depressed mood. Dr. Finnity recommended that Plaintiff continue with educational placement and seek psychological treatment and assessed his prognosis as fair to good.

For her medical source statement, Dr. Finnity opined that, even though Plaintiff had difficulty learning and his psychiatric symptoms "may interfere" with his ability to function on a daily basis, he nevertheless could attend to and follow age-appropriate directions, complete age-appropriate tasks, maintain appropriate social behavior, respond to changes in the environment, ask questions appropriately, recognize danger, and interact with peers and adults. T.219.

In March of 2013, state agency medical consultant Dr. M. Apacible reviewed the record evidence and opined that, although Plaintiff had a learning disorder that qualified as a "severe" impairment, he did not have an impairment that met or medically equaled a listed impairment. See T.52-53. Similarly to Dr. Finnity, Dr. Apacible found that Plaintiff's limitations in the domains of Acquiring and Using Information and Attending and Completing Tasks were less than marked. T.52. Again, like Dr. Finnity, Dr. Apacible opined that Plaintiff was not limited in the domains of Interacting and Relating with Others, Moving About and Manipulating Objects, Caring for Oneself, and Health and Physical Well-Being.

Throughout the application process, Plaintiff's mother provided statements that have failed to support findings of marked or extreme limitations in any of the functional domains. In December 2012, Plaintiff's mother completed a function report. See T.110-18. She indicated that he had no problem seeing, hearing,

talking, or communicating and that his physical abilities were not limited by his impairments. According to Plaintiff's mother, he had problems in the following areas: understanding and using what he had learned; socializing with other people; taking care of his personal needs and safety; and paying attention and sticking with a task. Specifically, he could not complete household chores such as washing dishes, making beds, sweeping, vacuuming, raking the yard, mowing the lawn, or doing laundry; could not get to school on time; study; do homework; take needed medication; accept criticism or correction; ask for help when needed; work on arts and crafts projects; keep busy on his own; or finish things he started. However, Plaintiff's mother stated that Plaintiff could read and understand comics, cartoons, books, magazines, and newspapers; spell words of more than four letters; tell time; add, subtract, multiply, and divide numbers over ten; understand money and calculate correct change; understand, carry out, and remember simple instructions; maintain friendships with friends his own age; make new friends; get along with others; play team sports; take care of his personal hygiene; wash and put away his clothes; cook a meal for himself; use public transportation by himself; keep out of trouble; obey rules; and avoid accidents.

At the administrative hearing in June of 2014, Plaintiff's mother testified that Plaintiff had been held back in school twice (in fifth and ninth grades), and had dropped out when he was in

ninth grade.[2] In Plaintiff's mother's opinion, he did not comprehend things as quickly as the average person, which negatively affected his mood and motivation. She reported that Plaintiff did not do household chores and would forget to do things such as locking his bike when it was not in use. Plaintiff's mother also testified that Plaintiff got along with his peers, and got along better with individuals who were younger than him. Plaintiff's mother acknowledged that his ability to care for himself was fair and that Plaintiff had no physical problems.

### B. The Record Evidence Indicates that Plaintiff Has a Limitation in the Domain of Caring for Oneself

The ALJ found that Plaintiff has no limitations in the domain of Caring for Oneself, which considers how well the claimant maintains a healthy emotional and physical state, copes with stress and changes in his environment, and takes care of his own health, possessions, and living area. As examples of limited functioning in the domain of Caring for Oneself, the Commissioner's regulations list "engag[ing] in self-injurious behavior (e.g., suicidal thoughts or actions, self-inflicted injury, or refusal to take [one's] medication). . . ." 20 C.F.R. § 416.926a(k)(3)(iv).

During the consultative psychological assessment, Dr. Finnity observed that Plaintiff's affect was depressed, although his mood

---

[2] The Court notes that Plaintiff's failure to graduate from high school contravened Dr. Finnity's recommendation that he continue with educational placement.

was neutral, and he was oriented to person, place, and time. Plaintiff himself denied being depressed, and there are no treatment note from any mental health providers. Plaintiff's mother mentioned Plaintiff's one instance of suicidal ideation almost as an afterthought at the end of the hearing and described it as the saddest day of "her life," not her son's life. She informed that ALJ that when Plaintiff had to repeat the ninth grade, he "was just ready to end his life. He had pills, he had a knife, he had everything in the closet. He told [her] if he had to go back to school, he had to repeat the grade he was just going to end his life." T. 44. At that time, Plaintiff was not on any prescription drugs for any mental health issue, but he had obtained a "bottle of pills from somewhere." T.45. Plaintiff did not carry out his plan, and his mother apparently never sought any mental health counseling or other treatment for him.

The foregoing constitutes at least some evidence to contradict the ALJ's finding that Plaintiff has *no* limitations whatsoever in the domain of Caring for Oneself. However, Plaintiff clearly does not have an "extreme" limitation in this domain, which is the rating given "to the worst limitations." 20 C.F.R. § 416.926a(e)(3)(i). Any error in the ALJ's finding regarding this domain could have an effect on the outcome of the case only if the limitation was "extreme," since the ALJ's findings regarding the other five domains are supported by substantial evidence. Thus,

even if Plaintiff had a "marked" limitation in this domain, the ALJ would not have been able to enter a finding of disability, because "marked" limitations in at least two domains, or an "extreme" limitation in one domain, is required under the Act. A finding of an "extreme" limitation in this domain is unsupportable based on the present record since there is no evidence that Plaintiff's impairment "interferes very seriously with [his] ability to independently initiate, sustain, or complete activities[,]" 20 C.F.R. § 416.926a(e)(3)(i).

## CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's determination was not erroneous as a matter of law and was supported by substantial evidence. Accordingly, the Commissioner's motion for judgment on the pleadings (Dkt #11) is granted, and the Commissioner's decision is affirmed. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**S/ Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   September 20, 2016
         Rochester, New York